MEMORANDUM *
Raymone D. Jimmerson appeals the district court’s denial of his petition for a writ of habeas corpus. The district court held that the California Court of Appeals’ determination that Jimmerson’s confession was voluntary was not an unreasonable application of federal law. We affirm.
Under the Anti-Terrorism and Effective Death Penalty Act of 1996, Jimmerson cannot prevail unless he shows that the state court’s decision “was contrary to, or *845 involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” or “was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.” 28 U.S.C. § 2254(d)(1), (2). This Jimmerson cannot do.
The California Court of Appeal reasonably determined that Inspector Hendrix made no improper threats or promises and that, considering the totality of the circumstances, Jimmerson’s confession was voluntary. See Schneckloth v. Bustamonte, 412 U.S. 218, 225-26, 98 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Hendrix’s “guarantee” that confessing would make a difference in Jimmerson’s case was not “sufficiently compelling to overbear [Jimmerson’s] will in light of all attendant circumstances.” United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988). After carefully considering the interrogation in its entirety, including Jimmerson’s repeated statements that he wanted to talk to Hendrix about the shooting, we hold that the state court’s decision was not an unreasonable application of Supreme Court precedent. Therefore, the judgment of the district court is
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.